**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

DAVID ROBINSON, JR.,

                                        Plaintiff,

       v.                                    1:13-CV-1289
                                                (TJM/ATB)

COMMISSIONER THOMAS H.,
MATTOX, et al.,

                                        Defendants.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

DAVID ROBINSON, JR.
Plaintiff, pro se

ANDREW T. BAXTER, United States Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

The Clerk has sent to the court a civil rights complaint, together with an application to proceed in forma pauperis ("IFP"), filed by pro se plaintiff, David Robinson, Jr. (Dkt. Nos. 1, 2).

**I.    IFP Application**

A review of plaintiff's IFP application shows that he declares he is unable to pay the filing fee. (Dkt. No. 2). This court agrees, and finds that plaintiff is financially eligible for IFP status.

In addition to determining whether plaintiff meets the financial criteria to proceed IFP, the court must also consider the sufficiency of the allegations set forth in the complaint in light of 28 U.S.C. § 1915, which provides that the court shall dismiss the case at any time if the court determines that the action is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)

-(iii).

In determining whether an action is frivolous, the court must consider whether the complaint lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Dismissal of frivolous actions is appropriate to prevent abuses of court process as well as to discourage the waste of judicial resources. *Neitzke*, 490 U.S. at 327; *Harkins v. Eldridge*, 505 F.2d 802, 804 (8th Cir. 1974). Although the court has a duty to show liberality toward *pro se* litigants, and must use extreme caution in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and has had an opportunity to respond, the court still has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed. *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (finding that a district court may dismiss a frivolous complaint *sua sponte* even when plaintiff has paid the filing fee).

To survive dismissal for failure to state a claim, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 555). The court will now turn to a consideration of the plaintiff's complaint under the above standards.

**II.     Complaint**

Plaintiff alleges that on July 13, 2013, he sent a document entitled:

2

"International Bill of Exchange, Actual and Constructive Notice, a UCC-1 Financing Statement" to defendants NYS Department of Taxation and Finance ("NYSDTF") and J.P. Morgan Chase bank ("Chase") "among others." (Compl. ¶ 9) (Dkt. No. 1). This document informed the recipients that any "future levies" on plaintiff's bank accounts should be "restrained." (*Id.* ¶ 10). Plaintiff's document also informed the recipients that plaintiff's "business agreement with Chase Bank is private and impervious to third party interveners." (*Id.*)

Plaintiff claims that, notwithstanding the above notice, on September 17, 2013, defendant NYSDTF issued a "Levy Order" on plaintiff's Chase accounts. (*Id.* ¶ 11). As a result of that Order, Chase seized the available funds in plaintiff's accounts and paid them over to NYSDTF on September 30, 2013. (*Id.*) Plaintiff states that on October 6, 2013, he filed a "Grievance," addressed to both Chase and the NYSDTF. (*Id.* ¶¶ 12-13 & Ex. A). Plaintiff states that he had to re-file the Grievance against NYSDTF because the original was delivered to the "wrong address" due to the obstruction of his certified mail "willingly or unwillingly by the United States Postal Service."[1] (Compl. ¶¶ 13-14).

Plaintiff alleges that the NYSDTF and Chase conspired to illegally seize funds

---

[1] The court notes that plaintiff has already unsuccessfully sued the United States Postal Service for interfering with his mail. *See Robinson v. United States Postal Service*, No. 12-CV-5874, 2012 WL 6177948 (E.D.N.Y. Dec. 11, 2012) (sua sponte dismissal by Townes, D.J.) Plaintiff has also brought unrelated cases in both the Northern District of New York and the Eastern District of New York challenging his parole conditions. *See Robinson v. New York*, No. 1:09-CV-455, 2009 WL 3698417 (N.D.N.Y. Nov. 2, 2009), *aff'd in part, vacated in part and remanded*, 486 F. App'x 905 (2d Cir. 2012), *cert. denied*, 133 S. Ct. 847 (2013); *Robinson v. Bloomberg*, No. 12-CV-2178, 2012 WL 1828006 (E.D.N.Y. May 18, 2012), *appeal dismissed*, No. 12-2292 (2d Cir. Sept. 4, 2012), *cert. denied*, 133 S. Ct. 1245 (2013).

in violation of plaintiff's right to due process "of Uniform Commercial Codes." (*Id.* ¶ 15). He claims that he was subjected to "government excess" and "unusual punishment" and that he was deprived of equal protection. (*Id.*) As bases for jurisdiction plaintiff cites "CONST. AMENDS. IV, V, VIII; 42 U.S.C. §§ 1983, 1985; [and] Title 18 §§ 241, 242 inter alia." (*Id.*)

Plaintiff seeks a declaratory judgment as well as compensatory and punitive damages. (Compl. ¶¶ 20-23).

## III. Jurisdiction

Plaintiff claims that the NYSDTF has illegally seized the funds in his Chase bank accounts. The Tax Injunction Act ("TIA"), 28 U.S.C. § 1341 provides that a District Court shall not "enjoin, suspend or restrain the assessment, levy, or collection of any tax under State Law where a plain, speedy and efficient remedy may be had in the courts of such state." The Supreme Court has interpreted the TIA as a jurisdictional rule and "a broad jurisdictional barrier." *Arkansas v. Farm Credit Serv.*, 520 U.S. 821, 825 (1997). The TIA prevents the federal court from exercising jurisdiction over an attempt by plaintiff to prevent the state from collecting taxes. *Miller v. State of New York Div. of Tax Appeals*, 480 F. Supp. 2d 574, 578 (E.D.N.Y. 2007) (citations omitted).

In *Miller*, the District Court dismissed an action similar to this one, brought by a plaintiff seeking to enjoin the collection of New York State tax by means of a section 1983 action. The court cited Supreme Court precedent, holding that the goal of the TIA is to stop taxpayers from disrupting state finances by obtaining injunctions from

4

the federal court instead of pursuing the challenges provided by the state. *Id.* (citing *Hibbs v. Winn*, 542 U.S. 88 (2004). Rather than filing a federal lawsuit, the taxpayer must "'pursue refund suits instead of attempting to restrain collections.'" *Id.* (citing *Hibbs*, 542 U.S. at 104). As long as the state court provides sufficient remedies, the taxpayer may not file suit in federal court. *Id.* (citing *Tully v. Griffin, Inc.*, 429 U.S. 68, 73 (1976)). Finally, although the TIA only refers to injunctions, the policy has been extended to bar declaratory judgment and damage actions under section 1983. *Id.* (quoting *Smith v. New York State Dep't of Taxation and Finance*, No. 01-CV-1776, 2002 WL 1150013, at *1 (E.D.N.Y. May 17, 2002)). *See also Fiedler v. New York*, 925 F. Supp. 136, 138 (N.D.N.Y. 1996) (same) (citing *Real Estate Ass'n v. McNary*, 454 U.S. 100, 103 (1981). The TIA applies to *any* state tax,[2] including municipal and local taxes. *Scott Air Force Base Properties, LLC v. County of St. Clair, Ill.*, 548 F.3d 516, 520 (7th Cir. 2008).

The Supreme Court has determined that New York State provides sufficient state court remedies for taxpayers to pursue. *Miller*, 480 F. Supp. 2d at 579 (citing *Tully*, 429 U.S. at 75). There are various state law methods for challenging the enforcement of tax liability, including administrative and judicial review. *Id.* (quotation omitted). In a personal income tax deficiency, the taxpayer may submit a petition to the Tax Commission, and the law provides for a hearing on notice. *Id.* (quoting *Xuong Trieu v. Urbach*, No. 98 Civ. 8278, 1999 WL 461316, at *4-5

---

[2] Plaintiff has not indicated in the complaint the type of tax deficiency that resulted in the levy on his accounts.

(S.D.N.Y. July 7, 1999)). *See* N.Y. Tax Law § 689. Section 2016 of the New York Tax Law and Article 78 in the Appellate Division provide for judicial review of a decision of the Tax Appeals Tribunal, and the taxpayer may seek leave to appeal to the New York Court of Appeals from an adverse decision. *Id. See also* N.Y. Tax Law § 2000 (statement of purpose of the division of tax appeals). Any constitutional challenges may be raised in a state court declaratory judgment action pursuant to N.Y. Civ. Prac. L. & R. § 3001. *Avon Group, Inc. v. State of N.Y. Ins. Dep't*, 741 F. Supp. 82, 83 (S.D.N.Y. 1990) (citing N.Y. CPLR § 3001 & *Long Island Lighting Co. v. Town of Brookhaven*, 889 F.2d 428, 431 (2d Cir. 1989)).

The court in *Miller* noted that an exception to the TIA exists when the taxpayer is bringing a "third-party" suit, not seeking to stop the collection, or contest the validity of a tax imposed on plaintiff. *Miller*, 480 F. Supp. 2d at 579 (citing *Hibbs*, 542 U.S. at 104). The TIA does not apply if the taxpayer is not seeking to challenge his liability, but is challenging matters of state tax "administration." *Id.* at 579-80 (citing *Luessenhop v. Clinton County New York*, 466 F.3d 259, 265, 268 (2d Cir. 2006)). In *Luessenhop*, the plaintiff was challenging the means employed by the local government to inform individuals that, due to their tax liability, their property would be transferred and sold at public auction. 466 F.3d at 261-64. The court held that the TIA did not preclude a federal action because the taxpayers were not attempting to avoid paying taxes.

In *Hibbs*, the section 1983 suit was allowed to proceed because although the plaintiffs challenged certain tax credits afforded by state law, they were not

6

challenging their own tax liability. 542 U.S. at 93. *See also Levin v. Commerce Energy, Inc.*, 560 U.S. 413, __, 130 S. Ct. 2323, 2336 (2010) (discussing *Hibbs* and alternatively dismissing the action based upon the comity doctrine). In *Wells v. Malloy*, 510 F.2d 74, 76-77 (2d Cir. 1975), the Second Circuit held that the TIA did not apply when plaintiffs were challenging a state law that allowed suspension of an individual's motor vehicle license for failing to pay a vehicle tax. The plaintiffs in *Wells* were not disputing that they owed the tax.

In this case, plaintiff states that he notified the NYSDTF and Chase that his accounts should be "adjusted" and "*any alleged debt discharged and any future levies be restrained*." (Compl. ¶ 10) (emphasis added). Plaintiff also "notified" the defendants that the accounts in question were exempt from levy. (Compl. ¶ 9). Although plaintiff cites the "due process" clause, essentially, he is asking the federal court to declare that he does not owe the tax (discharge the debt), that his accounts are somehow "exempt," and asks the court to enjoin future levies. Because plaintiff challenges the "enforcement" of his own tax liability and requests that the court prevent the defendant from collecting taxes from him, the TIA applies to prevent this action, whether it requests declaratory or monetary relief. Although it is unclear what type of state tax plaintiff is challenging, as cited above, New York State provides methods by which the enforcement may be challenged.[3] Thus, plaintiff's complaint is

---

[3] Plaintiff alleges that he filed a "Grievance," addressed to each defendant on October 6, 2013 and re-filed the Grievance against the NYSDTF on October 15, 2013. (Compl. ¶¶ 12-14). Even assuming that the Grievance was a proper method to challenge the enforcement of the liability, plaintiff does not indicate that he received any response from the defendants, appealed any denial administratively, or brought any judicial proceeding. It is unlikely that plaintiff would have had time

7

barred by the TIA.

V. **<u>Eleventh Amendment</u>**

In addition to being precluded by the TIA, any damage relief would be precluded by the Eleventh Amendment. The Eleventh Amendment provides that states have immunity against suits in federal court. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984). A claim against a state agency is considered a claim against the state and implicates the Eleventh Amendment because the state is the "real" party in interest. *Id.* at 101. The Eleventh Amendment also bars suits against state agencies and state officers in their official capacities. *See Huang v. Johnson*, 251 F.3d 65, 70 (2d Cir. 2001). The NYSDTF is a state agency entitled to Eleventh Amendment immunity.[4] *Miller*, 480 F. Supp. 2d at 581 (citing *Smith v. New York State Dep't of Taxation and Finance*, *supra* at *2-3). Exceptions to Eleventh Amendment immunity exist if the state waives immunity and consents to suit in federal court or if Congress abrogates the state's immunity by statute. *Id.* at 69-70. When the issue is waiver of immunity, the state's consent to suit must be "unequivocally expressed." *Penhurst*, 465 U.S. at 99.

There is no indication in the TIA that Congress intended to abrogate Eleventh Amendment immunity. *Miller*, 480 F. Supp. 2d at 581 (quoting *Fiedler*, 925 F. Supp.

---

to do any of those things by this date.

[4] In his description of the defendants, plaintiff states that defendant Mattox is a "municipal" agent and NYSDTF is a "municipal corporation/Political Subdivision." (Compl. ¶ 5). Clearly, defendant Mattox is a state, not a municipal employee, and the NYSDT is a state agency and not a "municipal corporation" or a political subdivision. Plaintiff also refers to New York State as a "Domestic Municipal Corporation."

8

at 138-39). Thus, plaintiff's claim for damages may also be dismissed as against the state defendants both under the TIA and the Eleventh Amendment.[5]

## VI. Personal Involvement

The court must also note that to the extent that plaintiff is suing the Commissioner of NYSDTF in his "individual capacity," or the President of Chase for conspiracy with Commissioner Mattox, for damages, even if plaintiff could avoid the TIA, any section 1983 claim would be subject to dismissal based on lack of personal involvement.

Personal involvement is a prerequisite to the assessment of damages in a section 1983 case, and respondeat superior is an inappropriate theory of liability. *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (citation omitted); *Richardson v. Goord*, 347 F.3d 431, 435 (2d Cir. 2003). Plaintiff does not seriously claim that either Commissioner Mattox, or the President of Chase had any personal involvement in collecting the taxes owed by plaintiff.

## VII. Miscellaneous Statutes

Plaintiff also cites 42 U.S.C. § 1985 and 18 U.S.C. §§ 241, 242. (Compl. ¶¶ 1, 15). To establish a claim under section 1985(3), plaintiff must establish a racial or class-based conspiracy to deprive a person or class of persons of equal protection of the laws. *Id.* Plaintiff must also establish an act done in furtherance of the conspiracy,

---

[5] Plaintiff includes various constitutional amendments as bases for jurisdiction. He mentions the First, Fourth, Fifth, Eighth, and Fourteenth Amendments. Without discussing each of the amendments and why it does not apply, the court simply notes that the basis for raising any of the constitutional amendments would have been section 1983. Because plaintiff cannot bring an action under section 1983, none of the amendments cited would provide a separate basis for jurisdiction.

9

and he must establish that he was injured in his person or property as a result. *Id.* The Equal Protection Clause of the Fourteenth Amendment requires that the government treat all similarly situated people alike. *Nicholas v. Tucker*, 114 F.3d 17, 20 (2d Cir. 1997). Generally, the equal protection clause has been "concerned with governmental 'classifications that affect some groups of citizens differently than others.'" *Engquist v. Or. Dep't of Agric.*, 553 U.S. 591, 601 (2008). In this case, plaintiff does not allege that he was treated differently than any other person, based upon a racial or class-based conspiracy. Thus, there would be no jurisdiction under section 1985.

It is well-settled that there is no private right of action under federal criminal statutes such as 18 U.S.C. §§ 241 or 242. *Robinson v. Overseas Mil. Sales Corp.*, 21 F.3d 502, 511 (2d Cir. 1994); *Marshall v. Webster Bank, N.A.*, 3:10-CV-908, 2011 WL 219693, *8 (D. Conn. Jan. 21, 2011) (citing cases); *Vasile v. Dean Witter Reynolds, Inc.*, 20 F. Supp. 2d 465, 478 (E.D.N.Y. 1998), *aff'd*, 205 F.3d 1327 (2d Cir. 2000) (citations omitted). Any attempt by plaintiff to assert a cause of action under federal criminal statutes should be dismissed because plaintiff can never state a claim under these statutes.

## IV. Opportunity to Amend

Generally, when the court dismisses a pro se complaint *sua sponte*, the court should afford the plaintiff the opportunity to amend at least once, however, leave to re-plead may be denied where any amendment would be futile. *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993). In this case, the court finds that any attempt of the plaintiff to amend this complaint would be futile, and he would

still be unable to state a federal claim.

**WHEREFORE**, based on the findings above, it is

**ORDERED**, that plaintiff's application to proceed IFP (Dkt. No. 2) is **GRANTED FOR PURPOSES OF FILING ONLY**, and it is

**RECOMMENDED**, that this action be **DISMISSED IN ITS ENTIRETY WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)-(iii) for failure to state a claim.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec. of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: October 25, 2013

*[signature]*
Hon. Andrew T. Baxter
U.S. Magistrate Judge